We'll hear the next case, Paganas v. Total Maintenance S Mr. Honors, may it please the Court, Robert Powers for the Appellant This is an FLSA case that the employer asserted affirmative defenses concerning exemptions under the law The employer made a motion for summary judgment, which didn't include anything about the exemptions, the affirmative defenses The trial court then decided, well, maybe we should decide this on the exemptions, held what I'll call a mini-hearing And after that hearing, dismissed the complaint, which I will argue was based on an insufficient record And even under the record, the decision was wrong Do you have any procedural objection to the path that the district court found? Well, I think that the district court had the right to conduct the hearing, so I don't object to that I don't think that the hearing adduced the evidence that was sufficient to make a decision At the hearing, the district court was still obliged to treat it as a summary judgment motion, right? Correct It could not make credibility findings Correct, yes, the credibility findings, and I made a point in my brief, the credibility issue was still . . . The judge can't make it a trial If somebody says something that is so blatantly false on the whole record, can a district judge say that that is so and I don't believe him? I mean, your client said that 90% of the work that he did was doing cleaning himself And there were enough other things around that suggested that 90% of things were just very, very unlikely If your client had said 50% or something of that sort, and then 50% would be the amount that was spent outside Then it would be very hard to say that they just didn't make an erroneous credibility finding But if somebody says something that is that hard to take, at what point do we say that's a credibility finding? And at what point do we say no reasonable jury could find what reasonable juries find? But if we look even closer at his testimony, there were three types of work that he performed He did outside work, which he testified to constitute about three and a half to four hours a day He was not supervising, he was doing manual labor off campus He also testified that he did anywhere between 15 and 40 hours a week at events That was also manual labor, he certainly was not supervising any of the defendant's employees He was working with other non-union employees on those events, taking down chairs, setting up basketball nets, setting the bleachers So in that context, you could take the 90%, and I think it's reasonable to take that That 10% of his work was doing the on-campus work in which he was, if you want to call it supervising He had some people in the buildings that were working under him at those buildings He said repeatedly that he was supervising an average of six cleaners Right, at the buildings Why doesn't that make him a supervisor? Well again, the work that he was doing, basically his supervision was making sure that the buildings were clean And if they needed to move them to another building Do they need to show all four of the conditions are met in order for the person to have this exemption? Under the executive exemption, I believe the answer to that is yes, those are and provisions They have to show not just the salary, not just that he supervised some, but more than around 50% Right, and they would also have to show that he was involved in the hiring and firing of personnel, which he was not Let me ask about that, and I'll ask more of that to the other side To what extent was the discipline that is talked about and question mark how well that is made out But does that suffice to meet the requirement of changing status? That is, disciplining can be just saying you're a bad boy or a bad girl, and that doesn't change status, does it? Well, we have the issue, number one, of whether he was the one who did the discipline Yes, I understand, but even apart from that And number two, you also have the issue of the amount If he was working there for seven years and only one time in those seven years did he go to his supervisor and say You know what, I don't like this guy, let's get rid of him That probably is insufficient Is that what he said? I'm saying if that was the case No, I'm focusing on something else Assuming against you that one time is enough and that this happened by him and not by the other guy Was what was said changing status or was it a level of discipline that doesn't meet that last requirement? I think you're right on the edge there, Your Honor And I think that if, in fact, he had a role in disciplining employees, which I say he didn't But if he did, I think that might satisfy the He testified a couple of times He said, I don't know I don't remember And then the trial court's asking, are you contradicting the supervisor's testimony? And Mr. Paganis says, no, I'm not contradicting him, I don't remember But again, he also testified In other words, you have testimony of the employer that he did recommend discipline And then you have him saying, I don't know So is that enough for an issue of fact? Was there more in the record? I don't believe that that's exactly what he said, Your Honor And I think that if you look at it, what he was saying was I was with the person that was responsible for discipline at the time And that that person was the one who did the discipline Well, there was that one incident There were incidents, and then the employer doesn't raise any other incidents of discipline There were no other employees that were named or mentioned that he had any impact on All right Thank you Thank you, Your Honor Good morning, Your Honors May it please the Court My name is Perry Heidecker And I represent the Appellee's Total Maintenance Solution Aaron Weber and Reggie Tartagliano On this last issue Yes Whether he recommended discipline His testimony is a little unclear There are a couple of places where he says, I don't remember, I don't recall On the other hand, there are three or four places where he says no And on a motion for summary judgment, should we not construe the testimony in his favor? Well, Your Honor, what really happened in the record, and you seem to remember it with precision Is that Judge Weinstein asked him if he had ever disciplined employees And he said repeatedly he didn't remember And then you gave this one instance And I'm not sure whether there's anything in the record that shows what the discipline was Whether he changed status for purposes of this condition But this one instance, he then says someone else did it Well, Your Honor And then he asks about whether there's other instances and he says I don't remember Yes, Judge Calabresi In the supplemental brief for summary judgment that was submitted to the court below The defendants said that he did have the authority And it was predicated on his admissions against interest He was asked if he had that authority and if he used it And he said I don't recall Why isn't all of this enough to take it outside the realm of summary judgment? I mean, this was really an extraordinary little side hearing that the district judge conducted And it really sounds, when you read the transcript, it feels more like a bench trial Why isn't this kind of dispute here about one of the essential factors Enough to move it out of the proper summary judgment realm and into having a full trial Where everyone has complete notice ahead of time and a jury can decide whether all the factors have been proven Your Honor, if he said that he didn't know if he exercised this authority If the adverse witness, Mr. Rossi, said yes, he did And when Judge Weinstein asked Mr. Baganis if he was contradicting One instance here and confusion about the circumstances And it's true that he said I don't know, I don't know And maybe that's not enough to create an issue of fact Nonetheless He also said no several times He said both no and I don't know Well, Judge Chin, contradictory testimony will not suffice To raise an issue of fact that will preclude summary judgment I keep coming back to what instances have you given that he didn't contradict You said he had the power, but it is the power in use it And when your client, when your witnesses were asked They came up with this one instance which he did traverse So, I'm not sure The warning of an employee named Radzicki Now, he claims somebody else was present, but there was no dispute that he himself gave the warning Now, with respect, Judge Calabresi Did he do anything with respect to that man that changed the guy's status? And beyond that, what do we have? And again, I'm not saying that ultimately judgment is a matter of law May not lie for you I'm just worried about finding it on these circumstances And you know, this is Judge Weinstein He's a great, great judge, but still As a matter of law, Your Honor The issue of issuing a warning Constitutes, in labor law and employment law, an adverse employment action It is a change of status It besmirches the employee's record, as a matter of fact And subjects them to the possibility of future discipline So, it's very important If it is on the record Yes, but it was on the record and uncontradicted Let me ask a related question As I read the regulations The fourth prong is that the individual has to have the authority To hire, fire, or that his suggestions are given particular weight So, it's your position that Here, it's not that he had the authority That it was shown he had the authority But that his recommendations would be given weight Now, the record here supports that conclusion, Judge Carney Because, according to Mr. Paganis' testimony He warned employee Radzicki In the presence of his superiors They didn't contradict him Is there anything more general about his authority And kind of his relationship with the employer That suggests that he would be listened to? Well That was part of his responsibility to him Your Honor, he carried out his duties Under a relative lack of supervision He was the first line interface between the cleaners And later on, upper management in the university What evidence is there Even in this particular case That his employers paid attention to him? The fact that in this case The warning of Radzicki They did pay attention They endorsed what he said They upheld the warning His testimony was And this is at page 201 Did I recommend it? No He said I didn't recommend it I didn't because the assistant director Caught the employee himself He didn't recommend it, Your Honor Because he did it He didn't have to recommend it That's your interpretation of the testimony But couldn't a reasonable jury Interpret it differently Namely that he didn't have to do anything Because the assistant director Caught the employee himself And disciplined him on the spot Your Honor, a reasonable jury Couldn't hold a lack of authority on this record What about the 90% That on its face Looks like a question of credibility Is this so incredible That a court can say As a matter of law that it's not credible? Your Honor, it's more a matter of interpretation Of what his duties were He took areas that he said He worked alongside his first-line porters Judge Weinstein analyzed that To determine that, yes, he worked alongside the porters But he wasn't doing the physical work himself He was allocating work He was directing work Isn't this really a case Where the district court Looked at the fact that his salary was high And it certainly was And that he worked in a coat and tie Was not a member of a union Any number of things that made him look Like somebody on the boss' side Rather than on the employee's side And then kind of shaded over The other factors which And that's why I asked the question Do you need to have all four Yes, you do need to have all four, Your Honor And didn't the court kind of shade over the others Because he was convinced by These ones which I must say I would say are important But we're told we have to meet all four Your Honor, I believe that when Judge Weinstein Looked at the papers that he put before him It raised his suspicions Based on many of the factors That are used to judge whether an employee Is an exempt supervisor When he carried out his hearing on notice And directed the parties To be able to argue on these issues He focused in on the issues I believe He thought were important However, he didn't gloss them over He made very specific findings of fact For each one And I might add that his findings of fact Were predicated on statements against interest I apologize I'm sorry I interrupted you But I do notice that he said As to the 90% that Judge Calabresi is pointing out That this testimony is not credited It is found to be untrue That is correct And we're on summary judgment Your Honor, under Rule 43 The trial court is entitled To hold an evidentiary hearing Aren't these the ultimate facts? I mean the claim is that he's He's covered by FLISA Well, Your Honor If you hold an evidentiary fact But can't make a finding on the evidence It's kind of meaningless That's summary judgment It's summary judgment Query whether he should be holding a hearing at all But That case has been decided, Your Honor Even assuming it was okay to hold a hearing He still has to Limit himself to deciding Whether there are genuine issues of fact for trial So it's kind of You know, you could treat the hearing testimony In place of deposition testimony But you can't make findings of fact You're depriving the plaintiff of a right to a jury trial Well, Your Honor That That claim The claim of prejudice Was actually not made Okay While it seems on the face of it No, there are times There are times when we say That something someone said Is incredible And there is uncontrovertible physical evidence That shows it You know, a picture Or something else That comes up in torts cases He couldn't have looked Because of his beating and things of that sort But it I've been trying to fit this Into that category But I have trouble Because there isn't You know I might find it unbelievable But I'm not sure of it Summary judgment we can say Judge Galbraith At the risk of being redundant The plaintiff laid out Three areas of primary responsibility Inspection on campus Inspection off campus And then doing set-up work He concluded He, the plaintiff Concluded that this was non-exempt work Judge Weinstein drilled down Into those conclusory statements And found that They indeed were exempt work And he made very specific findings So, yes, when he finds facts Totally contrary Through the plaintiff's own admissions I do not believe that this raises A genuine material issue A fact upon which a reasonable jury Could make a finding Thank you We'll have your argument We'll hear the rebuttal Thank you Thank you A couple of quick points One, counsel mentioned That my client Was the front line And there was lack of supervision Now the record is clear That that's not the case My client went to daily meetings He was instructed exactly What he was doing that day Events were discussed He had to know You have to be here at this time You have to be here at this time You have to set up Were the six people he supervised At those meetings? No No So he was given specific instructions He didn't have any discretion In terms of what to do that day Didn't he have discretion As to how he was going to manage The six porters? Not really Because the six porters Had daily duties That they had to perform For St. John's And those duties Were consistent every day They had their Did anyone else supervise them? The six porters Weren't they all of equivalent status? They were union employees And my point is That my client had a supervisor Several supervisors above him That were directing him Specifically what he had to do Yes, but at that point Was anyone else supervising These six other than he? He got directions before But at that point Was he the supervisor of these six? Well, yes He was the supervisor of those six But again There were other supervisors above him That had contact with those employees as well Well, that doesn't suffice To take him out of the exemption If all the other factors are in as well Correct I would concede the point on the supervision I have no objection to that But again The second prong of that exemption Requires it to be primary duty And the Mullins case Indicated that even though The individual had supervisor duties As to those people If that was minimal Or the impact of what he was doing on that day If he had no choice In terms of what task he could perform that day Then you don't satisfy that condition Under the statute The other point in terms of You're out of time I'm sorry Thank you, Your Honor Thank you We'll reserve decision Thank you, Your Honors Thank you